**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: April 11 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-30329 |
| | ) | |
| Timothy and Sherry DeLong, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM AND ORDER OVERRULING OBJECTION TO CONFIRMATION

This case came before the court for hearing on April 10, 2007, on confirmation of Debtors' proposed Chapter 13 plan. The Exchange Bank filed an objection to confirmation. Debtors, Attorney for Debtors and Attorney for the Chapter 13 Trustee appeared in person at the hearing. There was no appearance by or on behalf of Exchange Bank, which is grounds for overruling the objection for want of prosecution. For that reason, as well as the reasons that follow and as otherwise stated on the record at the hearing, Exchange Bank's objection to confirmation will be overruled.

Exchange Bank objects to Debtors' Chapter 13 plan to the extent that it extinguishes Exchange Bank's third mortgage upon confirmation and to cramdown with respect to valuation of a 1995 pick up truck. [Doc. # 21]. In a prior, unsuccessful Chapter 13 case filed by Debtors on March 16, 2005, the same objection had been asserted and overruled. In that case, the court accepted Exchange Bank's asserted valuation of Debtors' real estate at $90,000, with other higher priority secured claims against it of $93,135.86. As a result, Exchange Bank's lien was treated as unsecured for purposes of the Chapter 13

plan. But as a result of an earlier discharge entered in Debtors' Chapter 7 case [Case No. 04-39136], Debtors now have no personal liability on Exchange Bank's debt on an unsecured basis.

Debtor Timothy DeLong testified at the hearing on April 10, 2007. Evidence of an October 19, 2004, appraisal valuing the real estate at $75,500 and the auditor's valuation $97,500 was admitted. Although it did not appear and present any evidence at the confirmation hearing, or explain what accounted for the alleged increase in value between 2005 and 2007, Exchange Bank attached to its objection a written document asserting that the property value is now $105,000. This document was not admitted as evidence. Even if it had been admitted, the court notes that it was based on an exterior view and that the property was not inspected. Mr. DeLong's credible testimony at the hearing as to structural problems and insurability issues with the property negate the persuasiveness of that document. Also, some of the comparables in Exchange Bank's document are in different municipalities than Debtor's residence. Based on the evidence in the record, including Mr. DeLong's testimony, the court finds for purposes of confirmation of Debtors' plan that the real property at 200 N. Findlay Street, Haskins Ohio, is valued at $90,000 to account for the prior case valuation, the $75,500 appraisal from 2004, a new roof, the auditor's tax valuation of $97,500 and the structural problems with the property that would not necessarily be accounted for in the Wood County valuation.

It is undisputed that NovaStar Mortgage Inc. ("NovaStar") holds first and second mortgages on this property and has filed proofs of claim in this case in the amounts of $71,539.26 and $20,025.22.[1] These two claims total $91,564.48. Debtors' objections to these claims have been resolved and they are now allowed in the amounts filed. It is undisputed that Exchange Bank holds a mortgage that is junior to the NovaStar mortgages. Thus, the debt senior to Exchange Bank's debt on the property exceeds its value for purposes of confirmation.

The facts of this case are very similar to those of *Lane v. Western Interstate Bancorp (In re Lane)*, 280 F.3d 663 (2002). In *Lane*, a junior mortgage holder whose lien on the debtors' home was wholly unsecured objected to confirmation of their Chapter 13 plan. Because the value of the debtors' home was less than the balance due on the first mortgage, the Chapter 13 plan proposed paying the junior mortgage holder only as an unsecured claimant. In overruling the junior mortgage holder's objection to the plan, the Sixth Circuit addressed the interplay between 11 U.S.C. §§ 506(a) and 1322(b)(2). *Id.* at 665-69.

Section 506(a) provides that "[a]n allowed claim of a creditor secured by a lien on property in which

---

[1] The court takes judicial notice of the contents of its case docket, the Debtors' schedules, and proofs of claim filed in this case. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990).

the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Section 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . . ." The Sixth Circuit explained that whether a lien claimant is the holder of a 'secured claim' or an 'unsecured claim' depends on whether the claimant's security interest has any actual value as determined under § 506(a). *Id.* at 669. "If a claimant's lien on the debtor's homestead has no value at all, . . . the claimant holds an 'unsecured claim' and the claimant's contractual rights are subject to modification by the plan." *Id.*

In this case, as in *Lane*, the lien of the junior lienholder, Exchange Bank, has no value since there is no equity in Debtors' home to which its interest can attach beyond the amounts secured by the senior liens. *See* 11 U.S.C. § 506(a). Thus, under § 1322, the contractual rights of Exchange Bank are subject to modification by Debtors' Chapter 13 plan. Lacking secured status with respect to its claim, Debtors' Chapter 13 plan may properly provide that Exchange Bank release its mortgage on their home. The court notes that the plan provides that the mortgage shall be treated as released upon confirmation. The court further finds, however, that while release of the Exchange Bank mortgage shall be effected by the confirmation order, release shall be further conditioned upon performance and completion of the plan. If Debtors voluntarily dismiss this case, or it is dismissed due to non-performance of the plan, then Debtors shall not be entitled to the benefits of strip off of the Exchange Bank third mortgage in accordance with the *Lane* case. *See* 11 U.S.C. § 349(b)(1)(C).

As to Debtors' valuation of the vehicle at $2,500, no contrary evidence was presented at the hearing.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** Exchange Bank's objection to confirmation be, and hereby is, **OVERRULED, subject to the condition set forth above, which shall be treated as a supplement to and part of the separate order to be entered upon submission by the Chapter 13 Trustee confirming Debtors' Chapter 13 plan.**